IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

     Plaintiff,                    No. 2:11-cv-0294-MCE-JFM

    vs.

BEAHM, et al.,                         ORDER AND

     Defendants.               FINDINGS & RECOMMENDATIONS

         Pending before the court is plaintiff's motion for default judgment against defendants William J. Beahm and F. Greer Adkins-Beahm, individually and as Trustees of the Beahm Living Trust, the holders of the Grant Deed for property located at 1141 Bell Street, Sacramento, California, upon which sits the Bell Oaks Apartments, the apartment complex at issue here. The court has determined that the matter shall be submitted upon the record and briefs on file and accordingly, the date for hearing of this matter shall be vacated. Local Rule 230. Upon review of the docket, the motion for default judgment and all attached exhibits, THE COURT FINDS AS FOLLOWS:

PROCEDURAL BACKGROUND

         Plaintiff initiated this action on January 31, 2011, alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., and the California Unruh Civil Rights Act. A certificate of service filed April 20, 2011 demonstrates that the summons

1

1  and complaint were served on defendants on March 27, 2011 by leaving a copy of the process

2  with a male occupant at 90 Dapplegray Lane, Rolling Hills, CA.[1]

3        On May 25, 2011, pursuant to plaintiff's request, the Clerk of Court entered the

4  default of defendants.  On July 13, 2011, plaintiff filed a motion for default judgment, and served

5  a copy of the motion by mail on the defendants.

6  DISCUSSION

7        It is within the sound discretion of the district court to grant or deny an

8  application for default judgment.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In

9  making this determination, the court considers the following factors:

10      (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's
       substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at
11      stake in the action, (5) the possibility of a dispute concerning the material facts,
       (6) whether the default was due to excusable neglect, and (7) the strong policy
12      underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

13  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "In applying this discretionary

14  standard, default judgments are more often granted than denied."  Philip Morris USA, Inc. v.

15  Castworld Products, Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting PepsiCo, Inc. v.

16  Triunfo-Mex, Inc., 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

17        As a general rule, once default is entered, the factual allegations of the complaint

18  are taken as true, except for those allegations relating to damages.  Tele Video Systems, Inc. v.

19  Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted).  However, although

20  well-pleaded allegations in the complaint are admitted by defendant's failure to respond,

21  "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not

22  established by default."  Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

23  /////

24  /////

25

26     [1] This address is listed on the Grant Deed as defendants' address for mailing the recorded Grant Deed.  Plaintiff submits this document with his complaint as Exhibit B.

A.      The Americans with Disabilities Act

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers ... in existing facilities ... where such removal is readily achievable ." Id. § 12182(b)(2)(A)(iv). Under the ADA, the term readily achievable means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007). Further, "[t]o succeed on a ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." Parr v. L & L Drive-Inn Rest., 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).

Although "[t]he Ninth Circuit has yet to rule on whether the plaintiff or defendant bears the burden of proof in showing that removal of an architectural barrier is readily achievable," the Circuit, and various district courts throughout the Circuit, have often applied the burden-shifting framework set forth in Colorado Cross Disability Coalition v. Hermanson Family, Ltd., 264 F.3d 999 (10th Cir. 2001); Vesecky v. Garick, Inc., 2008 WL 4446714, at *2 (D. Ariz. Sept.30, 2008) (citing Doran v. 7-Eleven, Inc., 506 F.3d 1191, 1202 (9th Cir. 2007) and various district court cases). In Colorado Cross, the Tenth Circuit stated that the "[p]laintiff bears the initial burden of production to present evidence that a suggested method of barrier

removal is readily achievable" and that if plaintiff meets that burden, the burden shifts to the defendant, who "bears the ultimate burden of persuasion regarding its affirmative defense that a suggested method of barrier removal is not readily achievable." Colo. Cross Disability Coal., 264 F.3d at 1006.

Recently, in Molski v. Foley Estates Vineyard and Winery, LLC, 531 F.3d 1043 (9th Cir. 2008), the Circuit addressed Colorado Cross directly for the first time. The court declined to apply Colorado Cross's burden-shifting framework in the context of barrier removal from within historic buildings and instead placed the burden squarely on the defendant. The court reasoned that by requiring "the entity undertaking alterations [to] consult with the State Historic Preservation Officer," the ADA guidelines for historic buildings place the burden on the "party with the best access to information regarding the historical significance of the building" rather than "on the party advocating for remedial measures." 531 F.3d at 1048.

In a recent opinion addressing both Colorado Cross and Molski, the District of Arizona stated that while it was "mindful of the informational imbalance that may exist between plaintiffs and defendants with respect to the ease and cost with which architectural barriers may be removed ... until the Ninth Circuit provides additional and specific instruction to the lower courts [it] will follow the overwhelming majority of federal courts that apply the burden-shifting framework of Colo. Cross, specifically in cases where a historic building is not at issue." Vesecky, 2008 WL 4446714, at *2. This court agrees, especially in the context of a default judgment proceeding in which defendant has not appeared. 42 U.S.C. § 12181(9).

Here, plaintiff alleges (1) that he is disabled, Compl. ¶ 1; (2) that defendants' business is a place of public accommodation, id. ¶ 2; (3) that plaintiff was denied access to defendants' business because of plaintiff's disability, id. ¶ 3; and (4) that defendants' business has architectural barriers (inaccessible route, inaccessible entrance, lack of accessibility signage and striping), id. Additionally, plaintiff alleges that these architectural barriers are readily removable. Id. ¶ 4. His complaint also specifically states that he seeks injunctive relief "to

4

remove all barriers to access which are readily achievable...." Id. ¶ 4.  Therefore, the injunction would only require defendant to remove the architectural barriers if it is readily achievable to do so.  Moreover, 28 C.F.R. § 36.304(b) specifically lists "[c]reating designated accessible parking spaces" and "[w]idening doors" as examples of typical "steps to remove barriers."

Although plaintiff's factual allegations are taken as true on his motion for default judgment, the court need not accept plaintiff's legal conclusions.  In this case, plaintiff brings suit against defendants on the ground that the Bell Oaks Apartments constitutes a place of "public accommodation" and, thus, is subject to ADA compliance.  This is incorrect.  Section 12182 of the ADA concerns discrimination in public accommodations.  Section 12181(7)(A) includes within the definition of public accommodation "an inn, hotel, motel, or other place of lodging."  Apartment complexes do not constitute "public accommodations" within the meaning of the ADA.  See Independent Housing Services of San Francisco v. Fillmore Center Associates, 840 F. Supp. 1328 (N.D. Cal. 1993) (finding that "the legislative history of the ADA clarifies that 'other place of lodging' does not include residential facilities" such as apartments and condominiums); Beveridge v. CRS Cambridge Court Housing Corp., 2009 WL 798942 (D. Ariz. 2009) ("the Americans with Disabilities Act does not apply to private rental facilities"); Regents of Mercersburg Coll. v. Republic Franklin Ins. Co., 458 F.3d 159, 165 n.8 (3d Cir. 2006) (agreeing that "residential facilities such as apartments and condominiums are not transient lodging and, therefore, not subject to ADA compliance").  Thus, because the Bell Oaks Apartments are not subject to ADA compliance, plaintiff may not maintain suit against them for alleged ADA violations.

B.     Unruh Civil Rights Act

The Unruh Civil Rights Act provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business

1  establishments of every kind whatsoever." Cal. Civ. Code § 51(b).  To prevail on his disability
2  discrimination claim under the Unruh Civil Rights Act, plaintiff must establish that (1) he was
3  denied the full and equal accommodations, advantages, facilities, privileges, or services in a
4  business establishment; (2) his disability was a motivating factor for this denial; (3) defendants
5  denied plaintiff the full and equal accommodations, advantages, facilities, privileges, or services;
6  and (4) defendants' wrongful conduct caused plaintiff to suffer injury, damage, loss or harm.
7  California Civil Jury Instructions (BAJI), No. 7.92 (Spring 2009).  A plaintiff who establishes a
8  violation of the ADA need not prove intentional discrimination under the Unruh Act.  See
9  Munson v. Del Taco, Inc., 46 Cal.4th 661 (Cal. 2009) (interpreting Cal. Civ. Code § 51(f), which
10 provides "A violation of the right of any individual under the Americans with Disabilities Act of
11 1990 (Public Law 101-336) shall also constitute a violation of this section").
12         Here, because plaintiff has not established a violation of the ADA, intentional
13 discrimination remains an element of plaintiff's claim under the Unruh Act.  Plaintiff, however,
14 makes no mention of intentional discrimination in his complaint.  That is, plaintiff does not
15 allege that these defendants intended to discriminate against him and other disabled persons.
16 Accordingly, plaintiff's claim under the Unruh Act fails.
17         Based on the foregoing, IT IS HEREBY ORDERED that the September 1, 2011
18 hearing on plaintiff's motion for default judgment is vacated; and
19         IT IS HEREBY RECOMMENDED that:
20         1.  Plaintiff's motion for default judgment as to defendants on plaintiff's ADA
21 claim and Unruh Civil Rights Act claim be denied.
22         2.  The Clerk of the Court be directed to close this case.
23         These findings and recommendations are submitted to the United States District
24 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen
25 days after being served with these findings and recommendations, any party may file written
26 objections with the court and serve a copy on all parties.  Such a document should be captioned

1  within the specified time may waive the right to appeal the District Court's order. <u>Turner v.</u>
2  <u>Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: August 18, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

/014;john0294.mdj