IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

      Plaintiff,                    No. 2:11-cv-0294-MCE-JFM

  vs.

BEAHM, et al.,                    <u>ORDER AND</u>

      Defendants.             <u>FINDINGS & RECOMMENDATIONS</u>

/

         Pending before the court is plaintiff's motion for default judgment against defendants William J. Beahm and F. Greer Adkins-Beahm, individually and as Trustees of the Beahm Living Trust, the holders of the Grant Deed for property located at 1141 Bell Street, Sacramento, California, upon which sits the Bell Oaks Apartments, the apartment complex at issue here. On August 18, 2011, the undersigned issued findings and recommendations recommending that plaintiff's motion for default judgment be denied. Plaintiff filed timely objections. Upon review of those objections, the court will vacate its findings and recommendations and issue new findings and recommendations as set forth infra.

PROCEDURAL BACKGROUND

         Plaintiff initiated this action on January 31, 2011, alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., and the California Unruh Civil Rights Act. A certificate of service filed April 20, 2011 demonstrates that the summons

1

and complaint were served on defendants on March 27, 2011 by leaving a copy of the process with a male occupant at 90 Dapplegray Lane, Rolling Hills, CA.[1]

On May 25, 2011, pursuant to plaintiff's request, the Clerk of Court entered the default of defendants. On July 13, 2011, plaintiff filed a motion for default judgment, and served a copy of the motion by mail on the defendants.

On August 18, 2011, the court issued findings and recommendations recommending that the motion for default judgment be denied after the undersigned construed plaintiff's complaint as referring to the residential portions of the apartment complex, which are not subject to the ADA. In his objections filed September 1, 2011, plaintiff clarifies that his complaint is focused on the leasing office of the apartment complex and, as such, is subject to the ADA. Upon consideration of the objections, the August 18, 2011 findings and recommendations will be vacated.

## DISCUSSION

It is within the sound discretion of the district court to grant or deny an application for default judgment. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." Philip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting PepsiCo, Inc. v. Triunfo-Mex, Inc., 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

/////

---

[1] This address is listed on the Grant Deed as defendants' address for mailing the recorded Grant Deed. Plaintiff submits this document with his complaint as Exhibit B.

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. Tele Video Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted). However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

A.     The Americans with Disabilities Act

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers ... in existing facilities ... where such removal is readily achievable ." Id. § 12182(b)(2)(A)(iv). Under the ADA, the term readily achievable means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007). Further, "[t]o succeed on a ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." Parr v. L & L Drive-Inn Rest., 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).

Although "[t]he Ninth Circuit has yet to rule on whether the plaintiff or defendant bears the burden of proof in showing that removal of an architectural barrier is readily

achievable," the Circuit, and various district courts throughout the Circuit, have often applied the burden-shifting framework set forth in Colorado Cross Disability Coalition v. Hermanson Family, Ltd., 264 F.3d 999 (10th Cir. 2001); Vesecky v. Garick, Inc., 2008 WL 4446714, at *2 (D. Ariz. Sept.30, 2008) (citing Doran v. 7-Eleven, Inc., 506 F.3d 1191, 1202 (9th Cir. 2007) and various district court cases).  In Colorado Cross, the Tenth Circuit stated that the "[p]laintiff bears the initial burden of production to present evidence that a suggested method of barrier removal is readily achievable" and that if plaintiff meets that burden, the burden shifts to the defendant, who "bears the ultimate burden of persuasion regarding its affirmative defense that a suggested method of barrier removal is not readily achievable."  Colo. Cross Disability Coal., 264 F.3d at 1006.

Recently, in Molski v. Foley Estates Vineyard and Winery, LLC, 531 F.3d 1043 (9th Cir. 2008), the Circuit addressed Colorado Cross directly for the first time.  The court declined to apply Colorado Cross's burden-shifting framework in the context of barrier removal from within historic buildings and instead placed the burden squarely on the defendant.  The court reasoned that by requiring "the entity undertaking alterations [to] consult with the State Historic Preservation Officer," the ADA guidelines for historic buildings place the burden on the "party with the best access to information regarding the historical significance of the building" rather than "on the party advocating for remedial measures."  531 F.3d at 1048.

In a recent opinion addressing both Colorado Cross and Molski, the District of Arizona stated that while it was "mindful of the informational imbalance that may exist between plaintiffs and defendants with respect to the ease and cost with which architectural barriers may be removed ... until the Ninth Circuit provides additional and specific instruction to the lower courts [it] will follow the overwhelming majority of federal courts that apply the burden-shifting framework of Colo. Cross, specifically in cases where a historic building is not at issue."  Vesecky, 2008 WL 4446714, at *2.  This court agrees, especially in the context of a default judgment proceeding in which defendant has not appeared.  42 U.S.C. § 12181(9).

A preliminary question before the court is whether a leasing office located within a residential facility constitutes a place of public accommodation, bringing it within the purview of the ADA. It is established that a residential facility is not subject to the ADA. See, e.g., Beveridge v. CRS Cambridge Court Housing Corp., 2009 WL 798942 (D. Ariz. 2009) ("the Americans with Disabilities Act does not apply to private rental facilities"). Plaintiff argues, however, that the Bell Oaks Apartments are a mixed-use facility – that is, a facility with both public and private spaces – thus rendering the public spaces, such as the leasing office, subject to the ADA. Plaintiff then cites to Regents of Mercersburg Coll. v. Republic Franklin Ins. Co., 458 F.3d 159 (3d Cir. 2006), and California state court cases in support. Directly answering the question, though, is the ADA Title III Technical Assistance Manual ("TAM") (1993)[2]. In answering the question whether Title III of the ADA applies to common areas within residential facilities, the TAM provides the following illustration: "A private residential apartment complex contains a rental office. The rental office is a place of public accommodation." TAM § III – 1.2000 Public Accommodations. Accordingly, the court finds that the leasing office at Bell Oaks Apartments is a place of public accommodation subject to the ADA.

Having established that the leasing office falls within the purview of the ADA, the court will proceed with its analysis of plaintiff's motion for default judgment. Here, plaintiff alleges (1) that he is disabled, Compl. ¶ 1; (2) that defendants' business is a place of public accommodation, id. ¶ 2; (3) that plaintiff was denied access to defendants' business because of plaintiff's disability, id. ¶ 3; and (4) that defendants' business has architectural barriers (inaccessible route, inaccessible entrance, lack of accessibility signage and striping), id. Additionally, plaintiff alleges that these architectural barriers are readily removable. Id. ¶ 4. His complaint also specifically states that he seeks injunctive relief "to remove all barriers to access which are readily achievable...." Id. ¶ 4. Therefore, the injunction would only require defendant

---

[2] Available at http://www.ada.gov/taman3.html.

1  to remove the architectural barriers if it is readily achievable to do so.  Moreover, 28 C.F.R. §
2  36.304(b) specifically lists "[c]reating designated accessible parking spaces" and "[w]idening
3  doors" as examples of typical "steps to remove barriers."
4         Because plaintiff's allegations are taken as true on default, the court finds that
5  plaintiff has made out a prima facie Title III discrimination claim.  Additionally, the court finds
6  that the majority of the Eitel factors weigh in favor of granting default judgment to plaintiff on
7  that claim.  Therefore, the court recommends that plaintiff be granted default judgment against
8  defendants on his ADA claim and award plaintiff an injunction requiring defendants to provide
9  an accessible route, accessible entrance and accessibility signage in accordance with the
10 Americans with Disabilities Act of 1990 (ADA) and the Americans with Disabilities Act
11 Accessibility Guidelines (ADAAG) contained in 28 CFR Part 36.  See 42 U.S.C. § 12188(a)(2)
12 (authorizing injunctions under the ADA).

13 B.     Unruh Civil Rights Act

14        The Unruh Civil Rights Act provides: "All persons within the jurisdiction of this
15 state are free and equal, and no matter what their sex, race, color, religion, ancestry, national
16 origin, disability, medical condition, marital status, or sexual orientation are entitled to the full
17 and equal accommodations, advantages, facilities, privileges, or services in all business
18 establishments of every kind whatsoever."  Cal. Civ. Code § 51(b).  To prevail on his disability
19 discrimination claim under the Unruh Civil Rights Act, plaintiff must establish that (1) he was
20 denied the full and equal accommodations, advantages, facilities, privileges, or services in a
21 business establishment; (2) his disability was a motivating factor for this denial; (3) defendants
22 denied plaintiff the full and equal accommodations, advantages, facilities, privileges, or services;
23 and (4) defendants' wrongful conduct caused plaintiff to suffer injury, damage, loss or harm.
24 California Civil Jury Instructions (BAJI), No. 7.92 (Spring 2009).  A plaintiff who establishes a
25 violation of the ADA need not prove intentional discrimination under the Unruh Act.  See
26 Munson v. Del Taco, Inc., 46 Cal.4th 661 (Cal. 2009) (interpreting Cal. Civ. Code § 51(f), which

provides "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section").

Here, because plaintiff's complaint properly sets out the necessary elements for his ADA claim, plaintiff has also properly set out the necessary elements for his Unruh Civil Rights Act claim. Therefore, and because there are no policy considerations which preclude the entry of default judgment on this claim, Eitel, 782 F.2d at 1471-72, the court will recommend that plaintiff's motion for default judgment on his Unruh Civil Rights Act claim be granted.

The Unruh Civil Rights Act provides for a minimum statutory damage amount of $4,000 per violation, and "any attorney's fees that may be determined by the court in addition thereto." Id. § 52(a). Plaintiff seeks $8,000 in damages for violation of the Unruh Civil Rights Act, based on two actual visits to defendants' property. Compl. ¶ 3. The court will recommend that plaintiff be awarded those statutory damages. Plaintiff does not seek attorney fees or litigation costs.

Based on the foregoing, IT IS HEREBY ORDERED that the August 18, 2011 findings and recommendations are vacated; and

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment as to defendants on plaintiff's ADA claim and Unruh Civil Rights Act claim be granted.

2. Plaintiff be awarded statutory damages in the amount of $8,000.00;

3. Plaintiff be granted an injunction requiring defendants to provide an accessible route, accessible entrance and accessibility signage in accordance with the Americans with Disabilities Act of 1990 (ADA) and the Americans with Disabilities Act Accessibility Guidelines (ADAAG) contained in 28 CFR Part 36; and

4. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 7, 2011.

UNITED STATES MAGISTRATE JUDGE

/014;john0294.mdj